IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CR-00043-KDB-DCK

| | |
|---|---|
| USA, | |
| Plaintiffs, | |
| v. | ORDER |
| ANTHONY SCOTT BAILEY, | |
| Defendants. | |

THIS MATTER is before the Court on Defendant Anthony Scott Bailey's *pro se* motion for compassionate release and reduction in sentence (to time served) under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 65). Defendant seeks compassionate release on four grounds, which he contends separately or collectively constitute "extraordinary and compelling reasons" for a reduction in his sentence. Specifically, he argues: 1) the Court committed "plain error" in his sentencing, 2) family circumstances require him to take care of his mother and grandmother, 3) his rehabilitation and post sentencing progress justify a reduction and 4) his sentence has been harsher than anticipated because of the COVID-19 pandemic. Further, he argues that a reconsideration of the sentencing factors in 18 U.S.C. § 3553 support his immediate release. After a full and careful review of Mr. Bailey's particular circumstances and the entire record, the Court finds that there are extraordinary and compelling reasons to reduce his sentence under 18 U.S.C. § 3582(c), and the Court will partially grant his motion to reduce his sentence to 72 months for the reasons discussed below.

1

Mr. Bailey is a 53 year-old male serving his prison sentence at FCI Butner in North Carolina. He was originally sentenced to 120 months of imprisonment[1] followed by 5 years of supervised release. (Doc. No. 62). According to the Bureau of Prisons website, his scheduled release date is August 24, 2026.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> (c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
> ...

---

[1] Mr. Bailey pled guilty to Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine (actual) - 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846 and Possession With Intent to Distribute Methamphetamine (actual) and Aiding and Abetting the Same - 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

Because there have not been any policy statements promulgated by the Sentencing Commission since enactment of the First Step Act,[2] district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). "In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release. *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (internal citation omitted) "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

---

[2] The Sentencing Commission has proposed an amendment to U.S.S.G. 1B1.13 to address prisoner filed motions for compassionate release that will go into effect on November 1, 2023, absent contrary action by Congress.

3

Case 5:19-cr-00043-KDB-DCK   Document 66   Filed 10/18/23   Page 3 of 5

With these principles in mind, the Court finds that several reasons specific to Mr. Bailey taken together warrant a reduction in his sentence. First, the sentence of 120 months was the mandatory minimum term of imprisonment at the time sentence was imposed. The Court found that Mr. Bailey did not qualify for the "safety valve" provision of 18 U.S.C. § 3553(f) (which allows a district court to impose a sentence without regard to a mandatory minimum if certain criteria are met) because he "possess[ed] a firearm ... in connection with the offense." *See* U.S. Sentencing Guidelines § 5C1.2(a)(2). However, under recent Fourth Circuit authority, Mr. Bailey would be eligible for the benefits of the "safety valve," allowing the Court to sentence him below the otherwise "mandatory" minimum sentence. *See United States v. Jones*, 60 F.4th 230, 231–32 (4th Cir. 2023) (a defendant must have all three criminal history characteristics to be ineligible for relief under § 3553(f)(1)). Had the Court not been required to impose a sentence of 120 months, the Court would not have done so.

Reconsidering Mr. Bailey's sentence without the restriction of the mandatory minimum, the Court finds that the appropriate sentencing guidelines range is 78 to 97 months.[3] Further considering the seriousness of the offense, Mr. Bailey's culpability and criminal history relative to his co-defendant Troy Hamilton (who received a sentence of 120 months) and his rehabilitative efforts in prison supports a sentence less than the low end of the guideline range.

With respect to the seriousness of the offense, Mr. Bailey's role in his crimes was primarily as a Methamphetamine addict seeking to obtain drugs to support his own addiction rather than to sell drugs to others. He was also much less culpable than his co-defendant who led the drug dealing

---

[3] Starting at a base offense level of 32 (36 minus a Court variance of -4 to avoid an unwarranted sentence disparity with a co-defendant), a two point reduction for the "safety valve" as well as a two point reduction by not imposing a weapons enhancement (because he only "possessed" the firearm in the sense that he gave a gun – which was not his – to a co-defendant) results in a Total Offense Level of 28 Criminal History Category I.

4

for which they were convicted and had a much higher criminal history category (VI v. I). Therefore, to avoid unwarranted sentencing disparity between the co-defendants, Mr. Bailey's sentence should be significantly less than 120 months. Finally, Mr. Bailey's rehabilitative efforts in prison have been exemplary.

Accordingly, considering these circumstances and all the other § 3553(a) sentencing factors, the Court will reduce Mr. Bailey's sentence to 72 months.

**NOW THEREFORE IT IS ORDERED THAT:**

Defendant's Motion for Compassionate Release (Doc. No. 65) is **GRANTED** in part; and Defendant's sentence of confinement is reduced to 72 months. All other terms and conditions of Defendant's sentence shall remain the same.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 17, 2023

Kenneth D. Bell
United States District Judge